IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JACK RAY SMITH,

     Petitioner,

v.                                 CASE NO. 5:13-cv-224-WS-GRJ

SECRETARY, FLORIDA DEP'T
OF CORRECTIONS,

     Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This case is before the Court on ECF No. 1, Petitioner's *pro se*

Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The

Petition stems from Petitioner's Washington County jury conviction for

aggravated battery with a deadly weapon and false imprisonment, for

which he was sentenced to 30 years imprisonment on count one and 5

years imprisonment on count two. In his petition, Petitioner contends (1)

the trial court erred in not granting his motion for a judgment of acquittal as

to the aggravated battery conviction, (2) his counsel was ineffective for

failure to properly convey the plea offer, and (3) his counsel was ineffective

for failure to subpoena defense witnesses. (ECF No. 1 at 4–7.)

Respondent filed a response and appendix with relevant portions of the state-court record, arguing that the Petition should be dismissed for failure to assert a cognizable federal claim, failure to exhaust administrative remedies, and because Petitioner's claims lack merit. (ECF No. 10.)[1] Petitioner filed a reply to the response. (ECF No. 15.) Upon due consideration of the Petition, the Response, the state-court record, and the Reply, the undersigned recommends that the Petition be denied.[2]

## State-Court Proceedings

Petitioner was charged in case 05-00134CF with one count of aggravated battery with a deadly weapon and one count of false imprisonment. (ECF No. 10-1 at 23.)[3]  Petitioner filed a demand for discovery on August 5, 2005. (*Id.* at 25.) In response, Respondent provided 14 pages of discovery materials, including a witness list. (*Id.* at 26.)

---

[1] Respondent also filed a second response on the same day, ECF No. 11, which appears to be a duplicate copy of the original response and additional exhibits. For purposes of this report and recommendation, the Court will refer to the response filed in ECF No. 10.

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[3] Because the page numbers throughout the exhibits (ECF Nos. 10-1, 10-2, 10-3, 10-4, 11-1, 11-2, and 11-3) are inconsistent, the Court will refer to the ECF page numbers at the top of the page.

On September 14, 2005, Petitioner's counsel notified Respondent that he planned to take depositions of 11 witnesses on October 6, 2005. (*Id.* at 28.) The list of witnesses he intended to depose included all of the witnesses provided in Respondent's witness list. (*Id.*) That same day, Petitioner's counsel subpoenaed all 11 witnesses for the depositions. (*Id.* at 29–39.)

On February 23, 2006, Wade Mercer, Esq. was appointed as Petitioner's substitute counsel. (*Id.* at 57.) After new counsel was appointed  Petitioner pled not guilty to both counts on March 2, 2006.  (*Id.* at 62; ECF No. 1 at 1.) That same day, Mr. Mercer, Petitioner's counsel, also filed a Notice of Discovery and Brady Demand, seeking "[t]he names and address of all persons known to the prosecutor to have information which may be relevant to the offense charged and to any defense with respect hereto." (ECF No. 10-1 at 63–65.)  Mr. Mercer later notified Respondent that Petitioner would take depositions of three witnesses on May 17, 2006—Michelle Plybon, Tammy Waits, and Robert Grigsby. (*Id.* at 70–71.)

Petitioner's case finally went to trial and on July 28, 2006, the jury convicted Petitioner on both counts. (*Id.* at 92.) The circuit court judge sentenced Petitioner to thirty (30) years for count one and five (5) years for

count two to run concurrent with the term of imprisonment for count two. (*Id.* at 117.)[4]

Petitioner filed his notice of appeal to the First District Court of Appeal ("First DCA") on September 23, 2006. (ECF No. 10-2 at 238.) In his appeal, Petitioner argued that the trial judge erred in not granting Petitioner's motion for judgment of acquittal as to the aggravated battery charge. (ECF No. 10-4 at 6.) According to Petitioner, the bleach that he allegedly used to batter the victim did not constitute a deadly weapon, nor was there any evidence that Petitioner used the bleach bottle itself as a weapon. (*Id.*)

In a written opinion issued on November 15, 2007, the First DCA affirmed the trial court's judgment concluding that the determination as to whether an object not ordinarily considered a weapon has been used in a manner likely to cause death or great bodily harm is a question of fact for the jury. (*Id.* at 58–64.) The mandate followed on December 3, 2007. (*Id.* at 66.)

On March 21, 2008, Petitioner provided to prison officials for mailing a Motion for Post Conviction Relief pursuant to Fla. R. Crim. P. 3.850. (*Id.*

---

[4] Petitioner's sentence was to run consecutive to his sentence in state case number 04-278CF. (*Id.*)

at 80.) In his post conviction motion, Petitioner claimed ineffective assistance of trial counsel for (1) failure to properly convey the plea offer and terms of the plea offer, (2) failure to subpoena defense witnesses Margaret Polson, Polly Palmer, Jeff Bolton, Lisa Bolton, Orville Chambers, Donna Chambers, Jimmy Marshall, and Beth Johnson, and (3) failure to object and argue the habitual felony offender ("HFO") status (*Id.* at 81–88.)

On September 29, 2008, the trial court denied in part and granted in part Petitioner's motion for post conviction relief. (*Id.* at 95–98.) Specifically, the trial court denied Petitioner's motion for relief as to claims one and three but ordered that an evidentiary hearing be held as to claim two. (*Id.*)[5] Regarding claim one, the trial court held that Petitioner's claim was without merit and was refuted by the record. (*Id.* at 95.)

The trial court held an evidentiary hearing on January 9, 2012, following which, the court also denied Petitioner's motion for post conviction relief as to claim two. (ECF No. 11-1 at 52–55.) Specifically, as to claim two, the trial court held that Mr. Mercer made an informed decision not to present any witnesses during trial after alternative courses were considered and rejected. (*Id.* at 53.) Further, the trial court found that Mr.

---

[5] The trial court also ordered a clerical error be corrected in his Judgment and Sentence for count two, which subjected Petitioner to a thirty year sentence for count two. (*Id.*)

Mercer's "decision not to present the witnesses' testimony was strategic and that decision is not unreasonable or outside the realm of professional norms." (*Id.* at 54.)

Although Petitioner then submitted for mailing, a notice of appeal of the denial of his post conviction motion to the First DCA on February 20, 2012, the notice was not filed with the Clerk until June 13, 2012. . (ECF No. 11-2 at 150–52, 212–13.)

In his amended brief, Petitioner argued that the trial court erred in denying claim two of his motion for post conviction relief. Petitioner argued that his claim of ineffective assistance of counsel based upon his counsel's failure to call witnesses met both prongs of *Strickland v. Washington,* 466 U.S. 668 (1984). (ECF No. 11-3 at 10–20.) The First DCA per curiam affirmed the trial court's judgment on April 11, 2013. (*Id.* at 46.) Petitioner filed a motion for rehearing on April 29, 2013. (*Id.* at 51.) The First DCA denied Petitioner's motion for rehearing on May 20, 2013, and the mandate followed on June 5, 2013. (*Id.* at 51–53.)

Petitioner filed the instant petition on June 17, 2013. (ECF No. 1.) Respondent filed a Response on December 2, 2013. (ECF Nos. 10–11.) After being granted an extension of time, Petitioner then filed a reply on February 20, 2014. (ECF No. 15.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982);

*Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules"

for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability

sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree

about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id*. at 105. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## DISCUSSION

### Ground One: Petitioner's argument that the trial court erred in not granting his motion for judgment of acquittal as to the aggravated battery conviction fails to present a cognizable federal claim.

Petitioner contends that the trial court erred in not granting Petitioner's motion for judgment of acquittal as to the aggravated battery conviction. He asserts that to support a conviction for aggravated battery

the state had to prove, beyond a reasonable doubt, that (1) Petitioner intentionally touched or struck the victim against her will, and (2) in doing so, Petitioner used a deadly weapon. Petitioner argues that the trial court should have granted his motion for judgment of acquittal because the state failed to present any evidence as to whether the bleach was a deadly weapon. Respondent says that this error does not give rise to a federal claim, is unexhausted and procedurally defaulted, and lacks merit.

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cor. 1991) (quoting *Carrizales v.*

*Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas

relief will only be granted for state law errors if the alleged errors were so

critical that they rendered the entire trial fundamentally unfair in violation of

the right to due process. *Id.*; *Branan v. Booth*, 861 F.2d 1507, 1508 (11th

Cir. 1988).

Ground one of Petitioner's petition presents a state law issue for

which federal habeas corpus relief is not available. Petitioner does not

allege in his petition or in his reply that the trial court's error violated his

federal constitutional rights. Instead, Petitioner merely asserts that the

state failed to present sufficient evidence as to the deadly weapon factor

and therefore the trial court should have granted his motion for judgment of

acquittal.

Whether the evidence presented in a state criminal trial is sufficient

to establish the elements of the crime to withstand a judgment of acquittal

is purely a matter of state law. *See Bucklon v. Crosby*, No. 8:04-cv-2303-T-

17TGW, 2006 WL 2990449, at *3 (M.D. Fla. Oct. 19, 2006) (citing *Lynch v.

State*, 293 So. 2d 44, 45 (Fla. 1974)) ("Under Florida law, the state trial

court should not grant a motion for judgment of acquittal unless the

evidence is such that no view in which the jury may lawfully take of it

favorable to the opposite party can be sustained under the law.").

Although Petitioner argues that the bleach did not and could not establish the deadly weapon element in the aggravated battery charge, this determination is a matter of state law solely within the province of the state court. *See Branan*, 861 F.2d at 1508 (federal petition raised questions of state law where the court would have to conduct an examination of Florida case law and the Florida Rules of Criminal Procedure); *Bucklon*, 2006 WL 2990449, at *3 (petitioner's claim that trial court erroneously denied his motion for judgment of acquittal was a matter of state law not cognizable on federal review); *Miles v. Crosby*, No. 803CV1856T24MAP, 2005 WL 1459395, at *9 (M.D. Fla. June 18, 2005) ("Determination of whether or not the evidence in a state criminal carjacking trial is sufficient to establish the elements of intent or use of force that will withstand a judgment of acquittal is solely a matter of state law."). Simply put, this Court cannot reexamine the state court's determination of state-law questions.

Moreover, the alleged state law error in Petitioner's case was not so critical that it rendered Petitioner's entire trial fundamentally unfair in violation of his right to due process. As explained in the state's appellate answer brief, the state presented evidence at trial that bleach is a toxic and corrosive substance that can cause severe burns and should not come into contact with a person's eyes, nose, or mouth. As the First DCA held in

Petitioner's direct appeal, "the determination as to whether an object not ordinarily considered a weapon has been used in a manner likely to cause death or great bodily harm is a question of fact for jury determination." (ECF No. 10-4 at 59.) It is axiomatic that where there was no state law error, as in this case, the entire trial could not have been fundamentally unfair in violation of the right to due process.

Even assuming, *argunedo*, that Petitioner had asserted that the trial court's denial of his motion for judgment of acquittal violated his federal due process rights, his claim was unexhausted and procedurally barred. Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state court remedies, the petitioner must fairly present the federal claims to the state court in order to give the State the opportunity to pass upon and correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Failure to exhaust state remedies may result in the claim being procedurally defaulted. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983).

In this case, Petitioner did not argue at the state level that the trial court's denial of his motion for judgment of acquittal violated his federal constitutional rights.  Although he did assert the same general argument he asserts here—that the trial court erred in denying his motion for judgment of acquittal— Petitioner never mentioned or argued that his federal constitutional rights were violated.  As such, the State did not have a chance to pass upon and correct the alleged violation of *federal* as opposed to *state* rights. Consequently, any claim that Petitioner's federal constitutional rights were violated when the trial court denied his motion for judgment of acquittal is now procedurally defaulted. *See Beavers v. Crosby*, No. 804CV2650T24EAJ, 2006 WL 373018, at *2 (M.D. Fla. Feb. 16, 2006) (claim that trial court erred in denying motion for judgment of acquittal was procedurally barred because although petitioner sought judgment of acquittal on state law grounds, he did not timely assert at trial and on direct appeal that the denial of the acquittal motion violated federal due process guarantees).[6]

A procedurally defaulted claim like Petitioner's can support federal

---

[6] Petitioner concedes in his reply memorandum that the claim in ground one is procedurally defaulted. (ECF No. 15 at 2 ("In the case at bar, Petitioner relies on the 'cause and prejudice exception' to the procedural default rule as authority for the Court to entertain his defaulted claim.").)

habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986).  But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In such a case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453.

To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural

default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Petitioner has failed to demonstrate cause and prejudice for the default and has also failed to demonstrate a fundamental miscarriage of justice. In his reply, Petitioner argues that his appellate attorney's failure to raise his federal claim on direct appeal constitutes ineffective assistance of counsel, and therefore, "cause" to excuse his default. While Petitioner is correct that ineffective assistance of counsel can demonstrate cause for the default in certain situations, it cannot do so in his case.

Petitioner's ineffective assistance of appellate counsel claim with respect to failing to raise his federal claim in state proceedings is itself procedurally defaulted. His claim of ineffective assistance of appellate counsel was never presented to the state courts as an independent claim and would be procedurally barred at this point. Specifically, Petitioner never raied an ineffective assistance of appellate counsel claim in any state post-conviction proceedings.  A state post-conviction motion must be filed within two years after the judgment and sentence became final. Fla.

R. Crim. P. 3.850(b). Because Petitioner's judgment became final on December 3, 2007—more than eight years ago—he would be procedurally barred from now asserting this issue in a state post-conviction motion.[7]

Similarly, nothing evidences that Petitioner ever filed a state habeas petition and Petitioner would be procedurally barred from doing so now. Habeas petitions are the proper vehicle to advance claims of ineffective assistance of appellate counsel. *Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000). But, "[i]n no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review." Fla. R. App. P. 9.141(d)(5). Considering Petitioner's judgment became final on direct review more than eight years ago, he would now be procedurally barred from filing a state habeas petition alleging ineffective assistance of appellate counsel.

Further, Petitioner has failed to show the requisite cause and prejudice for his procedural default regarding his ineffective assistance of appellate counsel claim. Nothing suggests, nor does Petitioner allege, that he failed to assert this claim in state proceedings because of something

---

[7] Although there are several exceptions to the time limitations for filing a 3.850 motion, none would appear to apply in Petitioner's case. *See* Fla. R. Crim. P. 3.850(b).

external to Petitioner. *See Coleman*, 501 U.S. at 753 ("cause" must be something external to the petition that cannot fairly be attributed to him). Thus, Petitioner cannot show cause for his default and the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice."). Accordingly, Petitioner's default as to his ineffective assistance of appellate counsel claim cannot be excused.

Because Petitioner cannot satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for his procedurally defaulted federal constitutional rights claim asserted in ground one. And considering Petitioner does not alleged any new evidence, upon which no reasonable juror would have convicted him, he also cannot show a fundamental miscarriage of justice to excuse his procedural default as to his federal constitutional rights claim. *See Mize*, 532 F.3d at 1190. Even if Petitioner had asserted a cognizable federal claim under ground one, it would be procedurally defaulted. Accordingly, Petitioner is not entitled to federal habeas relief as to ground one does.

### Ground Two: Trial counsel was not ineffective for failing to properly convey the plea offer and its terms.

Petitioner's second claim is that trial counsel's failure to properly convey the plea offer and its terms to Petitioner constitutes ineffective assistance of counsel. Petitioner claims that Mr. Mercer attempted to explain to Petitioner that the state offered a plea bargain, but that Mr. Mercer would not discuss the terms of deal with Petitioner. Petitioner asserts that he was not made aware of the specific "time served" plea offer until the jury already had found him guilty and he was at the sentencing hearing. Petitioner says had he known the details regarding "time served," he would have elected to accept the plea bargain and would not have gone to trial. Respondent argues that this claim is without merit.

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). With respect to the performance prong, in the context of a plea bargain, "defense counsel has the duty to communicate formal offers from the prosecutor to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. To show prejudice in the context of a plea bargain, "a defendant must show the outcome of the

plea process would have been different with competent advice." *Lafler v.*

*Cooper*, 132 S. Ct. 1376, 1384 (2012).  Where the prejudice alleged is the

choice to reject a plea offer,

> a defendant must show that but for the ineffective advice of
> counsel there is a reasonable probability that the plea offer
> would have been presented to the court (*i.e.*, that the defendant
> would have accepted the plea and the prosecution would not
> have withdrawn it in light of intervening circumstances), that the
> court would have accepted its terms, and that the conviction or
> sentence, or both, under the offer's terms would have been
> less severe than under the judgment and sentence that in fact
> were imposed.

*Id.* at 1385.

As Respondent points out, the state trial court addressed the issue of

counsel's failure to properly convey the plea offer in Petitioner's post-

conviction motion and denied his claim. (ECF No. 10-4 at 95.)  Notably,

prior to trial, Petitioner's counsel announced for the record the plea

agreement conveyed by the State and Petitioner stated on record that he

wanted to proceed to trial. (ECF No. 10-2 at 135–36; ECF No. 10-4 at 95.)[8]

---

[8] The trial transcript reflects the following discussion:

> Mr. Mercer: Yes, sir, a couple of things. First thing is normally when
> I get a plea offer, I will put it in writing to my client before trial. In this case,
> [the prosecutor] Ms. Finch and I had some plea discussion after jury
> selection on Monday, and I relayed t[he] offer to Mr. Smith, but I haven't
> put it in writing, so instead of putting it in writing, I thought I would put [it]
> on the record to make sure I understood what the offer was. Mr. Smith,
> you understand that after jury selection on Monday, Ms. Finch and I
> spoke, and she said that she would consider, not agree to, but she would

Considering the state court already denied this claim on the merits, the

Court must give the state court's finding double deference so that the

question for this Court becomes whether "there is any reasonable

argument that counsel satisfied *Strickland's* deferential standard."

*Harrington*, 562 U.S. at 105.

Petitioner's claim that Mr. Mercer was ineffective for failing properly

to convey the plea offer and its terms to Petitioner is wholly without merit.

Applying the two-part test set forth in *Strickland*, Petitioner would have to

show (1) that his Mr. Mercer's performance was below an objective and

reasonable professional norm, and (2) that Petitioner was prejudiced by

this inadequacy. 466 U.S. at 686.

Under the first prong, Mr. Mercer had the duty to communicate formal

offers from the prosecutor. *See Frye*, 132 S. Ct. at 1408.  Although

---

consider allowing you to plea to misdemeanor battery and false
imprisonment and get a sentence at or near time served. I relayed that
over to you, is that correct?
      Jack Ray Smith: I believe so, yeah.
      Mr. Mercer: And your decision is still to go to trial, is that correct?
      Jack Ray Smith: Yes.
      Mr. Mercer: And you're doing that freely and voluntarily and that's
what you think is best?
      Jack Ray Smith: Because I'm not guilty, is the only reason why I'm
doing that.
      Mr. Mercer: I just want to put that on record.

(ECF No. 10-2 at 135–36.)

Petitioner claims that the record refutes that Mr. Mercer put the "time served" offer on record before trial, this is clearly not so, and instead the record demonstrates that Petitioner's counsel confirmed that the plea offer had been made and the Petitioner confirmed that he wanted to go to trial instead of entertaining the plea offer.   Specifically, Mr. Mercer clearly stated on record before trial that the prosecutor "would consider, not agree to, but she would consider allowing you to plea to a misdemeanor battery and false imprisonment and get a sentence at or near time served." (ECF No. 10-2 at 135–36.)  Mr. Mercer then asked Petitioner, "I relayed that over to you, is that correct[,]" and Petitioner replied, "I believe so, yeah." (*Id.* at 136.)   Thus, there is no issue on this record that Mr. Mercer fulfilled his duty to communicate the offer to Petitioner and therefore no issue that Mr. Mercer's performance did not fall below an objective and reasonable professional norm.  Because Petitioner has wholly failed to show that he meets *Strickland*'s deficiency prong the Court need not proceed to the prejudice prong. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong . . . or

vice versa.").[9]  For these reasons, Petitioner is not entitled to federal

habeas relief under ground two.

### Ground Three: Trial counsel was not ineffective for failing to subpoena defense witnesses.

Petitioner's third claim for relief is that his trial counsel was ineffective

by failing to subpoena defense witnesses. He argues that his trial counsel

should have deposed the defense witnesses to determine whether their

testimony would have changed the outcome of the trial. He also asserts

that these witnesses should have been subpoenaed to testify at trial.

In the habeas corpus context, "[c]omplaints concerning uncalled

witnesses impose a heavy showing since the presentation of testimonial

evidence is a matter of trial strategy and often allegations of what a witness

would have testified to are largely speculative." *United States v. Guerra*,

628 F.2d 410, 413 (5th Cir. 1980). The presentation of witness testimony is

essentially strategy, and is therefore, within trial counsel's decision. *See*

*Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009) ("Which witnesses, if

any, to call, and when to call them, is the epitome of a strategic decision,

and it is one that we will seldom, if ever, second guess."). There is a strong

reluctance to second guess strategic decisions made by experienced

---

[9] Petitioner does not assert any argument regarding ground two in his reply to Respondent's response. (ECF No. 15.)

defense counsel. *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998).

Petitioner wholly fails to demonstrate that Mr. Mercer's performance was deficient under the first *Strickland* prong. As previously discussed, the state trial court held an evidentiary hearing as to this specific claim and denied the claim on the merits. The state trial court wrote:

> Wade Mercer, who has 16 years of experience in the practice of law and who was a former prosecutor, testified that the made an informed decision about not presenting any witnesses during trial after alternative courses were considered and rejected. In his testimony, counsel stated that he had spoken to all of the defense witnesses prior to trial but for Beth Johnson, who he did not learn about until the Defendants' Rule 3.850 motion was filed. Counsel cannot be ineffective if he did not know about a witness. As for Margaret Polson, the Defendant's mother, counsel testified that in his opinion she was a victim of an aggravated battery at the hands of her son in a separate incident for which Defendant is currently serving an unrelated 30 year prison sentence, and who was viewed as less than reliable as a witness. In a nutshell, counsel stated that Margaret Polson was a loose cannon, and he did not feel that this particular witness's potential testimony outweighed the benefit of having first and last closing arguments. Moreover, counsel stated that Margaret Polson did not provide anything or add anything new to the case in his professional opinion. As for Polly Palmer, the Defendant's sister, counsel felt that she couldn't' establish a defense for his client. As for the remaining witnesses, counsel testified that there was nothing to be gained by calling them because they were not present in the house. In the end, counsel stated that the Defendant has focused on the victim minimizing her relationship with the Defendant rather than the overall picture. However, counsel testified that the defense witnesses were considered but they could not assist or

refute that the crime against the victim occurred. Based upon the foregoing, counsel felt in his opinion that unless a witness brought something to the table about what actually happened, it wasn't very helpful testimony to assist the defense. Therefore, he did not call the defense witnesses.

Counsel also testified that he did not believe that any of the defense witnesses was worth giving up the "sandwich," i.e., losing the opportunity to give first and last closing arguments if the defense presented no evidence. Therefore, counsel's decision not to present the previously mentioned witnesses' testimony was strategic and that decision is not unreasonable or outside the realm of professional norms. . . . . In addition, when the Defendant was prosecuted, the defense was permitted to have both the opening and rebuttal closing arguments if it presented no evidence; thus, counsel's decision to take this into consideration in this case was a reasonable defense strategy based on the procedural rules in force at the time of trial. . . . . Therefore, the fact that collateral counsel would have chosen a different strategy does not render trial counsel's decision in the instant case unreasonable in hindsight.

(ECF No. 11-1 at 53–54.) Considering the state court already denied this claim on the merits, the state court's finding is entitled to double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

Mr. Mercer's decision not to call any of the defense witnesses because they would not assist with the defense or because they were unreliable was a reasonable one. "Good advocacy requires winnowing out

some arguments, witnesses, evidence, and so on, to stress others."

*Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000); *see also*

*Marquard v. State*, 850 So. 2d 417, 428–29 (Fla. 2002) (defense counsel

was not ineffective by failing to call a witness that he did not find credible).

As the trial court concluded, Mr. Mercer testified that he spoke to the

defense witnesses that he knew about prior to trial, but that in his

judgment, their testimony would either not assist with the defense or he did

not find them reliable.

While Petitioner claims that each defense witness had vital

information that would have shown a different relationship between

Petitioner and the victim which he says would be relevant to the

kidnapping/false imprisonment charge, Mr. Mercer thought otherwise in his

professional opinion. Mr. Mercer concluded that none of the defense

witnesses' testimony would help the defense because none of the

witnesses could refute the state's charges because none of the witnesses

were present in the house during the alleged crime. In short, Petitioner has

failed to demonstrate how Mr. Mercer's decision not to call any of the

defense witnesses was unreasonable under *Strickland*'s performance

prong.

Mr. Mercer's decision not to give up first and last closing arguments

was also a reasonable decision. Mr. Mercer testified that he did not believe

that any of the witnesses' testimony was worth giving up the opportunity to

give first and last closing arguments. Such a decision has been found on

numerous occasions to be a reasonable trial strategy. *See Evans v. State*,

995 So. 2d 933, 945 n.16 (Fla. 2008) (trial counsel's decision to not

present any evidence so it could have both the opening and rebuttal

closing arguments was reasonable); *Van Poyck v. State*, 694 So. 2d 686,

697 (Fla. 1997) (losing the opportunity to give two closing arguments at the

guilty phase was a reasonable tactical reason for limiting the presentation

of evidence that might indicate another person was the triggerman).

Petitioner, therefore, also has failed to demonstrate how Mr. Mercer's

strategic decision not to call witnesses (who would add nothing to the

defense) constitutes deficient performance under *Strickland*.

To be sure this is not a situation in which Mr. Mercer failed to

interview the defense witnesses before he made the decision not to call

them as witnesses.  Where an attorney fails to interview the witnesses a

defendant may be able to muster a claim of ineffective assistance of

counsel.  See, *Alcala v. Woodford*, 334 F.3d 862, 889 (9th Cir. 2003); *cf.*

*Baty v. Balkcom*, 661 F. 2d 391, 395 (5th Cir. Unit B 1981) (trial counsel's

failure to interview any witnesses despite conceding that some interviews

might have aided his client constituted ineffective assistance of counsel). In this case, however, Mr. Mercer testified at the evidentiary hearing that he spoke to each witness prior to trial, with the exception of Beth Johnson, whom Mr. Mercer did not know about until Petitioner filed his state post-conviction motion. Mr. Mercer cannot be faulted for failing to interview a witness that he was not aware of at the time. Thus, Mr. Mercer's decision to forego their testimony at trial was a strategic decision that is entitled to deference.  In sum, because Petitioner has failed to show that he meets *Strickland*'s deficiency prong as to his claim under ground three the Court need not address the prejudice prong.

Accordingly, for the reasons discussed above, Petitioner is not entitled to federal habeas relief on his claim asserted in ground three.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a writ of habeas corpus, ECF No. 1, should be **DENIED**, and that a certificate of appealability should be **DENIED**.

**DONE AND ORDERED** this 26th  day of January, 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.